# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY BURRIOLA,

    Petitioner,

vs.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:13-cv-00574-RCJ-VPC

**ORDER**

    Petitioner has submitted an amended petition (#5) on the court's form. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to submit a second amended petition.

    Petitioner alleges that he was found guilty in a prison disciplinary proceeding. He pursued a habeas corpus petition in the state courts. The state district court denied the petition, and the Nevada Supreme Court affirmed the denial.

    All seven grounds in the amended petition (#5) share the same defect: They are too vague by themselves, and they refer to documents that the court does not possess. For example, in ground 1 petitioner alleges, in full:

> There is no evidence to support the charges, yet MILLER has admitted (documented stipulation) that he refused to allow BURRIOLA present a statement to defend the collateral because he—MILLER—did not have to apply the law or let BURRIOLA continue his statement.

Amended petition, at 3 (#5). Petitioner has not attached the "documented stipulation" to the petition, and thus the court has no way of knowing if the document actually supports his claim. The

same problem occurs in every ground.  Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires petitioner to allege in the body of the petition itself all of his grounds for relief and all of the facts that support each ground.  See also Mayle v. Felix, 545 U.S. 644, 655 (2005).  The court will give petitioner the opportunity to correct these defects.

IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions.  Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies.  Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established.  Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims.  Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the phrase "SECOND AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 3:13-cv-00574-RCJ-VPC, above the phrase "SECOND AMENDED."

Dated:    June 16, 2014

_____
ROBERT C. JONES
United States District Judge