# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY BURRIOLA,

    Petitioner,

vs.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:13-cv-00574-RCJ-VPC

**ORDER**

    Before the court are the second amended petition for a writ of habeas corpus (#8), respondents' motion to dismiss (#13), petitioner's opposition (#21), and respondents' reply (#24). For the reasons given below, the court grants the motion in part.

    This action arises out of prison disciplinary proceedings. At least one of the proceedings involved a prior action filed in this court, Burriola v. Nevada, Case No. 3:10-cv-00168-LRH-WGC. In that action, petitioner filed an affidavit purportedly executed by a correctional officer stating that petitioner was her authorized representative. The affidavit was fraudulent, and the court sanctioned petitioner by dismissing the action with prejudice. Petitioner appealed, and the court of appeals affirmed. Petitioner then was sanctioned through the prison disciplinary process.

    In ground 1, petitioner alleges that the hearing officer refused to let petitioner "present a statement to defend the collateral," which the court construes as a claim that petitioner was not allowed to make a statement in his defense. See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974). Respondents argue that this ground is conclusory because petitioner does not allege what he would have said.

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Mayle v. Felix, 545 U.S. 644, 649 (2005).

> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Id. at 656. In the opposition (#21), petitioner argues that he tried to develop the facts in the disciplinary hearing, but he still does not allege what those facts are. Most of the argument is an effort to re-litigate the dismissal of a previous action, and petitioner may not use this action to do that. The court dismisses ground 1.

Ground 2 is a claim that a prison official violated the Due Process Clause because the official told petitioner that he had fifteen days from the disciplinary hearing to appeal. When petitioner filed an appeal fifteen days after the hearing, it was rejected because the time limit actually was ten days. Respondents argue that ground 2 is unexhausted because in the appeal from the denial of his state habeas corpus petition, the Nevada Supreme Court held that a challenge to the prison grievance process is not addressable in state habeas corpus petition. See Ex. 16, at 3 n.3 (citing Bowen v. Warden, 686 P.2d 250 (Nev. 1984)). The court need not determine whether another remedy is available in the state courts because, even assuming that ground 2 is unexhausted, the ground is without merit. See 28 U.S.C. § 2254(b)(2). To the extent that petitioner is challenging the prison grievance process, he has no constitutional right to an effective grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988) (order). To the extent that petitioner is challenging the decision of the Nevada Supreme Court, an error in the state post-conviction proceedings is not addressable in federal habeas corpus. Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989). The court dismisses ground 2.

In ground 4, petitioner claims that the prison disciplinary hearing officer denied petitioner's requests to call witnesses and to allow petitioner to review the evidence against him. Regarding the witnesses, respondents correctly argue that petitioner has not alleged who these witnesses are, what their testimony would have been, and what the other evidence was. This part of ground 4 is conclusory, and the court will dismiss it.

Ground 5 is a claim that petitioner's punishment—disciplinary segregation, transfer to a maximum-security prison, and loss of credits toward an earlier release from prison—were violations of the Due Process Clause of the Fourteenth Amendment for two reasons. First, the property that was the basis of the fraudulent affidavit that he had filed in Burriola v. Nevada, Case No. 3:10-cv-00168-LRH-WGC, was returned to him. Second, the correctional officer whom petitioner fraudulently claimed he could represent was found guilty of being a threat to petitioner, which was why he was transferred to the maximum-security Ely State Prison and not to the medium-security Lovelock Correctional Center.

Respondents first argue that ground 5 is unexhausted. At the time they made their argument, petitioner still was pursuing the ground in a state habeas corpus petition. That proceeding has concluded, and the Nevada Supreme Court has issued its remittitur in Burriola v. Warden, No. 66713.[1] The Nevada Court of Appeals concluded that the petition was barred as a second or successive petition pursuant to Nev. Rev. Stat. § 34.810(2). Ground 5 no longer is unexhausted because the state-court proceedings have concluded.

The reasoning of the Nevada Court of Appeals suggests that ground 5 is procedurally defaulted. Respondents may raise that defense in their answer, if they wish.

The court agrees with respondents that any claims in ground 5 regarding the placement in disciplinary segregation, transfer to another prison, and placement in maximum security are not violations of constitutionally protected liberty interests. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995) (disciplinary segregation); Meachum v. Fano, 427 U.S. 215, 223-24 (1976) (location

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=34913 (report generated September 20, 2015).

of incarceration); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (classification status). Furthermore, even if disciplinary segregation, transfer to Ely State Prison, and maximum-security status do implicate constitutionally protected liberty interests, these are problems with the conditions of petitioner's confinement, not the fact or duration of his confinement, and habeas corpus relief is unavailable for them. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Respondents need not answer these aspects of ground 5.

Petitioner has filed a motion to strike (#25) respondents' reply (#24). It does not matter whether the court strikes the reply, because the court is granting the motion to dismiss (#13) in all aspects except where events have overtaken respondents' arguments. The motion to strike is moot.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#13) is **GRANTED** in part. Grounds 1 and 2 of the second amended petition (#8) are **DISMISSED** in full from this action. Grounds 4 and 5 are **DISMISSED** in part as described above in the text of this order.

IT IS FURTHER ORDERED that petitioner's motion to strike (#25) is **DENIED** as moot.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

Dated: September 24, 2015.

_____
ROBERT C. JONES
United States District Judge

-4-