# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY BURRIOLA,

    Petitioner,

vs.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:13-cv-00574-RCJ-VPC

**ORDER**

    Before the court are the second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 8), respondents' answer (ECF No. 33), and petitioner's reply (ECF No. 38). Petitioner's claims are not addressable in federal habeas corpus, and the court denies the petition. The court also declines to re-characterize this action as a civil rights action pursuant to 42 U.S.C. § 1983.

    This action arises out of prison disciplinary proceedings. At least one of the proceedings involved a prior action filed in this court, Burriola v. Nevada, Case No. 3:10-cv-00168-LRH-WGC. In that action, petitioner filed an affidavit purportedly executed by a correctional officer stating that petitioner was her authorized representative. The affidavit was fraudulent, and the court sanctioned petitioner by dismissing the action with prejudice. Petitioner appealed, and the court of appeals affirmed. Petitioner then was sanctioned through the prison disciplinary process. Among other punishments, he forfeited three hundred sixty credits toward an earlier discharge from his sentence. In the remaining claims of the second amended petition (ECF No. 8), petitioner alleges that a deputy attorney general instructed corrections staff to fabricate the charges, that the hearing officer

did not allow petitioner to review the evidence against him, and that the court should order the Nevada Department of Corrections to expunge the charges and to restore any forfeited credits toward an earlier discharge from his sentence.

The recent decision in Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc), holds that this court cannot grant petitioner any relief. Nettles was in prison on a determinate term of twelve years and a life term with the possibility of parole. He sought expungement of a prison disciplinary violation and restoration of credits toward an earlier release. That, Nettles argued, would lead to an earlier parole hearing. The court of appeals held, "if a state prisoner's claim does not lie at 'the core of habeas corpus,' . . . it may not be brought in habeas corpus but must be brought, 'if at all,' under [42 U.S.C.] § 1983." Id. at 931 (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973), and Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). The "core of habeas corpus" is relief that terminates custody, accelerates the future date of release from custody, or reduces the level of custody, such as from incarceration to parole. Nettles, 830 F.3d at 930 (quoting Wilkinson v. Dotson, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)). In Nettles' case, success would not have necessarily led to immediate or earlier release from confinement, because even if the disciplinary violation was expunged, the parole board still could deny parole.

Petitioner's situation is indistinguishable from Nettles. Petitioner has been convicted of second degree murder with the use of a deadly weapon, for which he has received two sentences of life imprisonment with minimum eligibility for parole after ten years, to be served consecutively. See Burriola v. Palmer, Case No. 3:06-cv-00059-PMP-RAM.[1] Even if petitioner succeeded with his claims, that success would not necessarily lead to immediate or earlier release from confinement. He still would need to be considered by the parole board, which could still deny parole. The relief that the court could grant would be outside the core of habeas corpus, and petitioner would need to seek that relief through a civil rights action pursuant to 42 U.S.C. § 1983.

---

[1] Petitioner has been convicted of other crimes, but they are not important for the purposes of this order.

<u>Nettles</u> notes that a court may re-characterize a habeas corpus petition into a civil rights action. 830 F.3d at 935-36. The court declines to do that for three reasons. First, the respondent in this action is different from who the defendants would be in a civil rights action. Second, petitioner would be required to pay a much larger filing fee through monthly installments. 28 U.S.C. § 1915(b). Third, petitioner has had at least two prior civil rights actions dismissed for failing to state a claim, for being frivolous, or for malicious activity. <u>Burriola v. State of Nevada</u>, Case No. 3:10-cv-00168-LRH-WGC; <u>Burriola v. Mosley</u>, Case No. 3:10-cv-00438-LRH-RAM. If the court re-characterized this action, and if then the action is dismissed for one of those reasons, petitioner no longer would be able to proceed <u>in forma pauperis</u> in any civil actions commenced while being a prisoner. 28 U.S.C. § 1915(g). Petitioner should decide on his own whether it is worthwhile to pursue his claims in a civil rights action.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that the second amended petition for a writ of habeas corpus (ECF No. 8) is **DENIED**. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: This 6th day of March, 2017.

_____
ROBERT C. JONES
United States District Judge